**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**TONIA LASHAW TARTT,**

**Plaintiff,**

**v.** **No. 17-cv-2639-JPM-tmp**

**TENNESSEE HEALTH MANAGEMENT, INC., d.b.a. BEHAVIORAL HEALTHCARE CENTER OF MEMPHIS,**

**Defendant.**

---

**REPORT AND RECOMMENDATION**

---

Before the Court is defendant Tennessee Health Management, Inc.'s ("THM") Motion to Dismiss. (ECF No. 12.) *Pro se* plaintiff Tonia Lashaw Tartt has responded, and THM has replied. (ECF Nos. 15 & 16.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that THM's motion be granted.

**I. PROPOSED FINDINGS OF FACT**

Tartt filed a *pro se* amended complaint against THM, which conducts business as Behavioral Healthcare Center of Memphis, on October 20, 2017. (ECF No. 9.) Tartt alleges that she was subjected to unlawful discrimination on the basis of a disability

in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and retaliation for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16. (Id. at 1-3.) Specifically, Tartt alleges that she was hired by THA as a Certified Nursing Assistant in February 2015, and later moved to the position of Mental Health Technician in June 2015. (Id. at 3.) Tartt then describes THA's encouragement to contact Corporate Compliance to report ethics violations, and the numerous complaints that she subsequently filed. (Id.) Notably, Tartt complained that two white registered nurses referred to her and other mental health co-workers, who were all African-American, as "you girls" instead of their professional job titles. (Id. at 4-5.) Tartt alleges she was "offended by the racial meaning of girls and gals," and that, despite her complaints to Corporate, no action was taken. (Id. at 7.) Tartt further includes two references to her alleged disability of autoimmune deficiency. (Id. at 8.) Tartt also alleges that she informed the management team of her autoimmune deficiency. (Id.) Nowhere else in the complaint does Tartt mention her alleged disability, nor does she directly attribute any discriminatory or retaliatory conduct to her disability or race.

The balance of Tartt's 33-page complaint lists a series of complaints and encounters with supervisors, Corporate Compliance and Human Resources staff, often relating to a pervasive "foul

smell" that Tartt noticed in the facility beginning in July 2015. She initially informed the Director of Nursing of the smell but no action was taken, so Tartt reported the smell to both Corporate Compliance and a Human Resources representative in October 2015. (Id. at 3.) She also contacted the federal Occupational Safety and Health Administration ("OSHA"), and the Tennessee Occupational Safety and Health Administration ("TOSHA"). (Id.) Thereafter, Tartt alleges she was accused of violating the Health Insurance Portability and Accountability Act ("HIPAA") and suspended for three days. (Id.) In March 2017, Tartt was "written up" for not getting vital signs in a timely manner; she complained to Corporate and filed a grievance, alleging that this constituted retaliation. (Id. at 11.) Tartt also alleges her weekend shifts were split to give other staff overtime and that she barely received 50 hours in a pay period in February 2017. (Id.) She attributes these changes to an ongoing investigation of her alleged HIPAA violations as well as her filing of complaints regarding the smell with OSHA, TOSHA, and Corporate Compliance. On April 28, 2017, Tartt was terminated for the alleged HIPAA violation. (Id.)

In support of her claims, Tartt includes a Charge of Discrimination she filed with the Equal Employment Opportunity Commission's ("EEOC") Memphis District Office. (Id. at 36.) The EEOC Charge of Discrimination states, in full:

> In June 2016, I began employment with the above-named employer. In March 2017, I informed Terry Brenner,

> Administrator, I was diagnosis [sic] with Auto Immune Deficiency and about an unusual smell that was coming from the soiled utility room and the patient's shower room. The smell was causing me to feel light headed and dizzy, but nothing was told about it. I called TOSHA, OSHA, and MLGW to file a report. On April 11, 2017, I was accused of violating HIPAA laws, which I deny. I was placed on a 3-day suspension and on April 28, 2017, I was discharged.
>
> I believe I have been discriminated against because of my disability and for retaliation for filing a protected protest in violation of Title VII of the Civil Rights Acts of 1964, as amended and the Americans with Disabilities Act, Amendment Act (ADAAA).

(Id.) The EEOC reviewed the allegation and issued a Right to Sue Notice, which Tartt also attached to her complaint. (Id. at 38.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B. ADA Discrimination**

The undersigned submits that Tartt has failed to state a plausible claim for relief for disability discrimination under the ADA. The ADA prohibits discrimination by a covered entity "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To recover on a claim for discrimination under the ADA, a plaintiff must show that she (1) is disabled, (2) otherwise qualified to perform the essential functions of the position, with or without accommodation, and (3) suffered an adverse employment action because of her disability.[1] Ferrari v. Ford Motor Co., 826 F.3d 885, 891 (6th

[1]Although a plaintiff at the Rule 12(b)(6) stage is not required to

Cir. 2016).

Tartt has not alleged facts sufficient to state a plausible claim for discrimination under the ADA. Tartt references her alleged disability two times in the entirety of her complaint. (ECF No. 9 at 8.) She also describes adverse employment actions, including a decrease in hours and overtime and, eventually, loss of her job. See Ferrari, 826 F.3d 891. However, Tartt fails to allege facts to plausibly satisfy the causation requirement – that THA took adverse employment action against her *because of* her disability. See id. Rather, Tartt repeatedly states that THA's actions, including suspending her and eventually terminating her employment, were taken in response to either her continued complaints regarding the "foul smell" or to her alleged HIPAA violation. Tartt's response in opposition fails to even address her disability claim; she references only the complaints to OSHA and TOSHA regarding the smell and the alleged HIPAA violation. (ECF No. 15 at 3.) Even construed liberally, the amended complaint fails to allege facts that plausibly connect the employment actions she complains of with her disability, and this court cannot create

---

present evidence on the elements of the *prima facie* case, the complaint must nonetheless "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory . . . . [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005); see also Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

a claim that has not been spelled out in a pleading. See Brown, 415 F. App'x at 613; Payne, 73 F. App'x at 837. The complaint therefore lacks sufficient factual matter, accepted as true, to state a plausible claim for relief from discrimination on the basis of a disability. See Hill, 630 F.3d at 470-71; Fed. R. Civ. P. 12(b)(6).

**C. ADA Retaliation**

To the extent that Tartt intends to assert a claim for retaliation under the ADA, the undersigned submits that she has also failed to state a plausible claim for relief. The ADA prohibits any person from discriminating against any individual who has opposed any act or practice made unlawful by the ADA, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA. 42 U.S.C. § 12203(a); see also Rorrer v. City of Stow, 743 F.3d 1025, 1046 (6th Cir. 2014). "Protected activity typically refers to action taken to protest or oppose a statutorily prohibited discrimination." Rorrer, 743 F.3d at 1046 (internal quotations omitted).

Here, Tartt's EEOC charge asserts that she was subject to "retaliation for filing a protected protest in violation of . . . Americans with Disabilities Act . . . ." (ECF No. 9 at 36.) The EEOC charge states that Tartt informed an administrator of her autoimmune disability and was later discharged. (Id.) However,

informing a supervisor of a disability is not an "act or practice made unlawful" by the ADA, nor does informing a supervisor of a disability qualify as asserting a charge, testifying, assisting or participating in an investigation, proceeding, or hearing under the ADA. See 42 U.S.C. § 12203(a). The amended complaint is likewise devoid of any facts that could plausibly suggest that Tartt was discriminated against after engaging in activity protected by the ADA. Accordingly, the undersigned submits that the amended complaint lacks sufficient factual matter, accepted as true, to state a plausible claim for relief under the ADA as to retaliation.

**D. Title VII Retaliation**

Tartt has likewise failed to state a plausible claim for relief under Title VII. It is unlawful under Title VII for an employer to discriminate against an employee who has expressed opposition to any employment practices made unlawful by Title VII, or who has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a); see also Morris v. Oldham Cty. Fiscal Court, 201 F.3d 784, 792 (6th Cir. 2000). Prior to bringing a claim for relief under Title VII in federal court, a plaintiff must generally first exhaust her administrative remedies by timely filing a charge of discrimination with the EEOC or an appropriate state administrative agency. 42 U.S.C. 2000e-5; Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010). The Sixth

Circuit allows a plaintiff to file a complaint in federal court with claims not explicitly included in a previous administrative charge, provided those claims are "reasonably expected to grow out of the charge of discrimination." Davis v. Sodexho, Cumberland Coll. Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998) (internal quotations omitted). For this exception to apply the plaintiff must allege sufficient facts in her EEOC charge "to put the EEOC on notice of the other claim even though the plaintiff failed to check the appropriate box on the EEOC's complaint form." Spengler v. Worthington Cylinders, 15 F.3d 481, 490 (6th Cir. 2010).

Tartt did not make any reference to an alleged protected activity based upon race in her EEOC charge. Construed liberally, the only indication of discrimination on the basis of race that can be inferred from the amended complaint are the allegations regarding two white nurses using "you girls" or "gals" when referring to Tartt and her other African-American co-workers. Even assuming, *arguendo*, that the amended complaint seeks to bring a retaliation claim based upon a charge of race discrimination, such a race-based retaliation claim was not included in the EEOC charge. As stated above, the only arguable retaliation claim raised in the EEOC charge was based on her alleged disability. Accordingly, Tartt has not exhausted her administrative remedies as required, and her present claims under Title VII should be dismissed on this

ground.[2]

Notwithstanding Tartt's failure to exhaust, Tartt's complaint also fails to adequately state a plausible Title VII retaliation claim on its face. To state a claim for retaliation under Title VII, a complaint must contain facts that plausibly suggest that: (1) the complainant acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against the complainant; and (4) the adverse action had a causal connection to the protected activity. Lundy v. Gen. Motors Corp., 101 F. App'x 68, 73 (6th Cir. 2004). Construed liberally, Tartt's allegations that she was "offended by the racial meaning of girls and gals" and her subsequent complaints to Corporate could arguably be sufficient to establish that she engaged in an activity protected by Title VII. However, as explained above, the amended complaint fails to allege a causal connection between a protected activity and an adverse action. The only reason that Tartt gives for any adverse action taken against her is her repeated complaints to OSHA and TOSHA regarding the smell, and her alleged HIPAA violation – not her race. Furthermore, to the extent Tartt intends to base her retaliation claim on her reports to OSHA or TOSHA, such reports are not "protected activities" under Title VII, see 42 U.S.C. § 2000e-

[2]To the extent Tartt intends to assert a claim for race discrimination under Title VII, such claim would not survive a Rule 12(b)(6) motion because Tartt failed to allege race discrimination

2(b), and no private right of action exists under either statute. See Taylor v. Brighton Corp., 616 F.2d 256 (6th Cir. 1980); Boyd v. Edwards & Assocs., 309 S.W.3d 470 (Tenn. Ct. App. 2009). The undersigned therefore submits that Tartt's complaint fails to state a plausible claim for relief under Title VII, and should be dismissed accordingly.

**III. RECOMMENDATION**

For the above reasons, it is recommended that THA's motion to dismiss for failure to state a claim be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 9, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); LR 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

in her EEOC charge.